# GIBSON DUNN

Gibson, Dunn & Crutcher LLP

3161 Michelson Drive
Irvine, CA 92612-4412
Tel 949.451.3800
gibsondunn.com

Blaine H. Evanson
Direct: +1 949.451.3805
Fax: +1 949.475.4768
BEvanson@gibsondunn.com

April 22, 2025

VIA ECF FILING

Molly Dwyer
Clerk of the Court
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

Re: *Oracle Int'l Corp., v. Rimini St., Inc.*, No. 24-5979

Dear Ms. Dwyer:

Pursuant to Federal Rule of Appellate Procedure 28(j), Appellant Rimini Street writes to inform the Court that the district court has denied Oracle's motion for an indicative ruling. *See Oracle Int'l Corp. v. Rimini St., Inc.*, No. 2:14-cv-01699 (D. Nev. Mar. Apr. 21, 2025), ECF No. 1631 (attached as Exhibit A). The only purported basis for Oracle's motion in this Court to extend the deadline to file its answering brief by 90 days was to give the district court time to rule on that motion. ECF No. 22.1 at 1–3. But the district court agreed with Rimini Street (*see* ECF No. 23; *Oracle Int'l Corp.*, No. 2:14-cv-01699 (D. Nev. Mar. 19, 2025), ECF No. 1624) that Oracle's motion was "procedurally defective" because it "does not seek the relief contemplated by Rule 62.1" of the Federal Rules of Civil Procedure. Ex. A at 3–4.

Oracle has already been granted a 30-day streamlined extension of time to file its answering brief (ECF No. 28), and there is no longer any possible basis for a further extension of time. The Court should therefore deny Oracle's motion to extend the deadline to file its answering brief (ECF No. 22.1).

Respectfully submitted,

*/s/ Blaine H. Evanson*

Blaine H. Evanson
Attorney for Appellants

cc: All Counsel of Record (via ECF)

# **Exhibit A**

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ORACLE INTERNATIONAL CORPORATION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> RIMINI STREET, INC., *et al.*, <br><br> Defendants. | Case No. 2:14-cv-01699-MMD-DJA <br><br> ORDER |

This was a software copyright and unfair competition dispute between Plaintiffs and Counter Defendants Oracle America, Inc., and Oracle International Corporation (collectively, "Oracle") and Defendants and Counter Claimants Rimini Street, Inc., and Seth Ravin (collectively, "Rimini") generally regarding Rimini's unauthorized copying of Oracle's enterprise software into and from development environments created by Rimini for its clients, along with disputes regarding allegedly false statements in marketing and advertising and unfair competition. (ECF Nos. 1253 at 2, 1305 at 12-13.) Following a bench trial, the Court mostly—but not entirely—found in Oracle's favor and entered a permanent injunction against Rimini. (ECF Nos. 1536 ("Bench Order"), 1537 (the "Injunction"), 1538 ("Judgment").) The Court later awarded Oracle attorneys' fees. (ECF No. 1610.) Rimini appealed the attorneys' fees order, and that appeal remains pending. (ECF No. 1612.) The United States Court of Appeals for the Ninth Circuit then vacated part of the Bench Order and the portions of the Injunction Rimini appealed in a published opinion in the end of 2024. (ECF No. 1617 (the "Opinion").) Before the Court is Oracle's motion for an indicative ruling regarding Rimini's appeal of the attorneys' fees order. (ECF

No. 1618 ("Motion").)[1] Because Oracle does not seek any relief in its Motion, and as further explained below, the Court will deny the Motion.

Oracle brings its Motion under Fed. R. Civ. P. 62.1. (ECF No. 1618 at 7.) "[T]he filing of a notice of appeal generally divests the district court of jurisdiction over matters appealed[.]" *Pro Sales, Inc. v. Texaco, U.S.A.*, 792 F.2d 1394, 1396, n.1 (9th Cir. 1986). But Rule 62.1 provides that, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Civ. P. 62.1(a).

Oracle argues an order from this Court about the impact of the Opinion on the fees order it entered would be judicially efficient and otherwise urges the Court to affirm that the fees order remains warranted and correct even in view of the Opinion. (ECF No. 1618 at 8-10.) Said otherwise, Oracle asks the Court to proclaim that it would maintain the status quo, if it could, seeing as how the propriety of the fees order is currently before the Ninth Circuit. Rimini counters in pertinent part that "Rule 62.1 allows a court to issue an indicative ruling *only* when a "motion is made *for relief* that the court lacks authority to grant" due to a pending appeal. (ECF No. 1624 at 6 (quoting Fed. R. Civ. P. 62.1(a)) (emphasis in Rimini's brief).) The Court agrees with Rimini.

"Courts are split as to whether a party seeking a ruling under Rule 62.1 must also file an accompanying predicate motion that the district court lacks authority to grant." *Index Newspapers LLC v. City of Portland*, No. 3:20-CV-1035-SI, 2022 WL 72124, at *1 (D. Or. Jan. 7, 2022) (citation omitted). The *Index Newspapers* Court then identified the courts on each side of the split as: those that require an accompanying predicate motion, such as a motion under Fed. R. Civ. P. 60(b), and those that accept a "'freestanding' Rule

---

[1] Rimini responded (ECF No. 1624) and Oracle replied (ECF No. 1625), but then filed a notice of corrected image of its reply (ECF No. 1626).

2

62.1(a) motion if the moving party sufficiently states the merits of its substantive argument in its briefs." *Id.* at *1-*2 (citation omitted). The *Index Newspapers* court then went on to follow the "freestanding" approach and address the merits of a motion for indicative ruling to dissolve an injunction, which, while it was not accompanied by a predicate motion, contained "argument and authority supporting the merits of their position that the preliminary injunction should be dissolved." *Id.* at *2.

Oracle did not file an accompanying predicate motion with its Motion and presents the Court with a different situation than the *Index Newspapers* court faced because Oracle asks the Court to affirm the ongoing validity of its fees order. Indeed, Oracle's Motion effectively presents the opposite of the *Index Newspapers* situation because Oracle is asking the Court to reaffirm the validity of an order instead of dissolving an injunction or otherwise modifying an order the Court has already entered—if it could. Were the Court to take the predicate motion approach, the Court could deny the Motion simply because Oracle did not file a predicate motion. But even if the Court takes the freestanding motion approach, the Court will still not grant the Motion because Oracle does not seek the relief contemplated by Rule 62.1—it seeks to maintain the status quo.

As Rimini points out, the plain text of Rule 62.1(a) supports this view. (ECF No. 1624 at 15.) The Rule only permits the Court to issue an indicative ruling "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending[.]" Fed. R. Civ. P. 62.1(a). The Court lacks authority to vacate the fees order at this time because Rimini appealed it. (ECF No. 1612.) *See also Pro Sales, Inc.*, 792 F.2d at 1396 n.1. But Oracle is not asking the Court to vacate or modify the fees order if it could—it is asking the Court to reaffirm that it would still enter the fees order unchanged, today, even considering the Opinion. (ECF No. 1618.) Oracle is accordingly not asking the Court for any relief that would permit the Court to issue an indicative ruling. *See* Fed. R. Civ. P. 62.1(a).

///

3

In addition, a treatise author who has considered *Index Newspapers* shares a consistent view that a court may only grant a motion for indicative ruling if the moving party seeks "specific and concrete requests for relief," as opposed to a motion animated "by a party's mere curiosity about what the trial court might or might not think about a matter on appeal." *Rule 62.1. Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal*, 2 Federal Rules of Civil Procedure, Rules and Commentary Rule 62.1 (Steven S. Gensler, February 2024 Update) (citing *Index Newspapers* in a footnote immediately preceding the quoted sentence). Professor Gensler continues:

> Rather, these cases [including *Index Newspapers*] are properly read as saying that, when a party files a single document that both seeks indicative relief and specifies the substantive relief sought and the grounds supporting it, the court may treat the motion as both a substantive motion and a Rule 62.1 motion. This is a sensible solution to the situation; the alternative would be to deny the motion as procedurally improper and await the re-filing of physically separate documents. But it is important to emphasize that this solution is available only when the unitary motion contains all of the content required for a proper substantive motion.

*Id.* The Court shares Professor Gensler's view. Indeed, Oracle's Motion could fairly be characterized as one in which Oracle does not seek specific or concrete relief, but instead reflects nothing more than Oracle's understandable curiosity about what might happen to the substantial attorneys' fees order it won. (ECF No. 1618 at 7-8 ("An indicative ruling stating this Court's views as to how the Fees Appeal should proceed in light of the December 16, 2024 Merits Opinion would be judicially efficient.").)

In sum, the Court exercises its discretion under Rule 62.1(a)(2) to deny Oracle's Motion as procedurally defective.

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the Motion.

4

      It is therefore ordered that Oracle's motion for indicative ruling (ECF No. 1618) is denied.

      DATED THIS 21st Day of April 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

5