## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

_____

)
Oracle International )
Corporation; Oracle )
America, Inc., )
)
*Plaintiffs-counter-* )
*defendants-Appellees,* )        No. 24-5979
)
v. )
)
Rimini Street, Inc.; Seth Ravin,. )
)
*Defendants-counter-* )
*claimants-Appellants* )
_____)

## APPELLEES ORACLE INTERNATIONAL CORPORATION AND ORACLE AMERICA, INC.'S MOTION FOR FULL REMAND AND STAY OF BRIEFING PENDING DISPOSITION OF THIS MOTION

Pursuant to Circuit Rule 3-6(a), Appellees Oracle International Corporation and Oracle America, Inc. ("Oracle") respectfully move this Court for a full remand of this attorneys' fees appeal for reasons of judicial efficiency. Cir. R. 3-6(a). Correspondingly, Oracle moves under Circuit Rule 27-11(3), to "stay the schedule for record preparation and briefing pending the Court's disposition" of this motion for "full remand." Cir. R. 27-11(3). Appellants oppose this motion.

1

## I. BACKGROUND

This case has proceeded on two different appellate tracks in the Ninth Circuit—a merits appeal and this pending attorneys' fee appeal. This Court heard oral argument in the merits appeal in June 2024. In September 2024, while the merits appeal was *sub judice*, the district court awarded Oracle $58,512,498.70 in attorneys' fees and costs. 1-ER-22. The district court held that Oracle was the prevailing party: the trial was "focused on Oracle's copyright infringement claims regarding the PeopleSoft product" and Oracle "largely prevailed" on copyright infringement claims as to Rimini's support processes for Oracle's PeopleSoft product, including its DMCA claims, as well as on some of its Lanham Act claims. 1-ER-4-5. As to the other factors for awarding attorneys' fees and costs, the Court ruled Oracle achieved a high degree of success, Rimini's "core" litigation position was objectively unreasonable, and a fee award is necessary to deter "recidivist infringer" Rimini and its founder, Seth Ravin, from continuing to infringe Oracle's copyrights. 1-ER-7-9. On September 24, 2024, Rimini filed a Notice of Appeal as to the Fees Order. Dkt. 1.

On December 16, 2024, this Court issued an opinion on the merits in which it affirmed in part, vacated in part, reversed in part, and remanded as to certain of findings that Rimini appealed. This Court reversed and remanded the district court's (1) holdings on derivative works, (2) striking of Rimini's Section 117(a) defense,

2

(3) holdings about Rimini's automated tools and "outright" delivery of updates to the extent that they were impacted by the Court's derivative works holding, and (4) some, but not all, of the district court's Lanham Act findings. See *Oracle Int'I Corp. v. Rimini St., Inc.*, 123 F.4th 986 (9th Cir. 2024). This Court also vacated "the portions of the injunction appealed by Rimini." *Id*. at 1003. On January 29, 2025, Oracle filed a petition for panel rehearing and petition for rehearing en banc, which this Court denied on February 25, 2025. No. 23-16038 Dkt. 58, 59. The mandate in the merits appeal issued on March 5, 2025. *Id*. Dkt. 60.

Also on March 5, 2025, Oracle moved the district court for an indicative ruling regarding the Court's award of attorneys' fees and costs, inquiring "whether, in light of a Ninth Circuit panel's recent ruling in this case ("the December 16, 2024 Merits Opinion")," the district court "would reconsider or confirm the attorneys' fees and costs awarded to Oracle . . . were this Court to have jurisdiction to do so, or would view the panel opinion as raising a 'substantial issue' as to the fee award that requires further briefing." 1-ER-36. On April 21, 2025, the district court "exercise[d] its discretion under Rule 62.1(a)(2)" and denied Oracle's motion for indicative ruling. *Rimini Street, Inc. v. Oracle Int'l Corp.*, No. 2:14-cv-01699 (D. Nev. Oct 15, 2014) (hereafter "Dist. Ct."), ECF 1631.

During a case management conference on April 21, 2025, the district court directed the parties to submit a proposed case schedule that would provide for

3

expeditious resolution of the Section 117(a) affirmative defense and other remanded copyright issues. Dist. Ct. ECF 1632. On April 23, 2025, the district court issued its Order on Mandate, following the merits remand. Dist. Ct. ECF 1634. The district court held that it would "vacate the existing Judgment, but states for clarity that it intends to enter a new judgment once the proceedings described above [to effectuate this Court's mandate] are complete, which will also incorporate by reference this order—because this order reflects that many claims and defenses in this case are finally resolved." *Id*. at 2. The district court found that "it must vacate the copyright infringement (Section I) portion of the Injunction" and found "it more judicially efficient to decline to enter any injunctive relief on copyright infringement regarding Rimini's PeopleSoft support processes pending the completion of the remand proceedings." *Id* at 3-4. The district court thus vacated the prior injunction and issued "a pared-down injunction titled 'Modified Permanent Injunction'" providing injunctive relief on Oracle's Lanham Act and DMCA claims. Dist. Ct. ECF 1635. The district court then stated: "For clarity, the Court may issue another permanent injunction regarding Oracle's copyright claim as to Rimini's PeopleSoft support practices at the conclusion of the remaining proceedings in this case." Dist. Ct. ECF 1634 at 6.

4

## II. ARGUMENT

The Supreme Court counsels against addressing attorneys' fee awards piecemeal, so as to reduce "the risk of 'a second major litigation' over attorney's fees." *Lackey v. Stinnie*, 145 S. Ct. 659, 669 (2025). Remanding this fee appeal for further proceedings in the district court will reduce that risk.

Oracle remains the prevailing party as to the significant Lanham Act and DMCA claims in this case because Oracle has obtained "enduring" permanent injunctive relief on those claims following the remand from this Court. *Lackey*, 145 S. Ct. at 667. However, with this Court's merits order affirming in part, vacating in part, reversing in part, and remanding as to certain of findings appealed by Rimini, and the district court's subsequent vacation of the injunction as to Oracle's copyright claim pending resolution of the remand proceedings, this matter has not yet been "finally set at rest." *Id.* (citing Black's Law Dictionary).

Accordingly, Oracle respectfully moves under Circuit Rule 3-6(a) and Circuit Rule 27-11(3) for a "remand for additional proceedings." Circuit Rule 3-6 provides that "[a]t any time prior to the completion of briefing in a civil appeal . . . if the Court determines . . . an intervening court decision . . . requires . . . a remand for additional proceedings . . . the Court may, upon motion of a party . . . issue an appropriate dipositive order." Cir. R. 3-6(a). Rimini noticed its appeal of the fee award on September 24, 2024, and this Court's December 16, 2024 merits opinion constitutes

5

"an intervening court decision" requiring additional proceedings on the copyright claim below. Oracle thus moves for a full remand to facilitate additional attorneys' fees proceedings below as well. *See Debowale v. Warden Pike Cnty. Corr. Facility*, No. CV 17-3262, 2020 WL 13535814, at *1 (3d Cir. Jan. 3, 2020) (granting "motion for a full remand" so that the district court could consider the impact of intervening Supreme Court and Circuit decisions in the first instance).

Oracle respectfully submits that remanding this appeal for further proceedings is appropriate under Circuit Rule 3-6 and will promote judicial efficiency. The district court correctly awarded attorneys' fees to Oracle as the prevailing party below because of Oracle's success on the Lanham Act, DMCA, and PeopleSoft copyright claims. However, with this Court's intervening merits decision, the copyright claim has not yet been "conclusively resolve[d]." *Lackey*, 145 S. Ct. at 671. As the merits and fee-award appeals have proceeded in parallel, Oracle is now the prevailing party on the Lanham Act and DMCA claims but currently is not the prevailing party on the now-undecided PeopleSoft copyright claims, although the district court stated in its April 23, 2025, Order, that a further permanent injunction may issue against Rimini on the PeopleSoft copyright claims. Dist. Ct. ECF 1634 at 6. If and when that happens, Oracle may well be entitled not only to the $58 million in fees previously awarded to it, but to additional fees. Oracle expressly reserves and does not waive its right to the $58,512,498.70 fee award it has obtained,

6

as well as the right to seek additional fees and costs from the district court in the first instance after the conclusion of the remand proceedings.

Remanding to the district court for further proceedings on attorneys' fees "serves the interests of judicial economy." *Lackey*, 145 S. Ct. at 669. Oracle and Rimini have been engaged in copyright litigation for more than 15 years, and Rimini has made multiple appeals to this Court. It is highly likely that whatever attorneys' fee award the district court ultimately issues on remand will come up on appeal at that time. This Court should not have to address the issue twice. That said, if this Court prefers to hear the current appeal of the fee award now, Oracle looks forward to defending the district court's correct judgment.

Dated: May 6, 2025                    Respectfully submitted,

*s/ Raechel Keay Kummer*

Raechel K. Kummer
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-3000
raechel.kummmr@morganlewis.com

Benjamin P. Smith
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105
(415) 442-1000
benjamin.smith@morganlewis.com

7

Corey Ray Houmand
MORGAN, LEWIS & BOCKIUS
LLP
1400 Page Mill Road
Palo Alto, CA 94304
(650) 843-7524
corey.houmand@morganlewis.com

William A. Isaacson
Karen Dunn
PAUL, WEISS, RIFKIND,
WHARTON & GARRISON LLP
2001 K Street, NW
Washington, DC 20006
(202) 223-7300
wisaacson@paulweiss.com
kdunn@paulweiss.com

Richard J. Pocker
BOIES, SCHILLER & FLEXNER
LLP
300 South Fourth Street, Suite 800
Las Vegas, NV 89101
(702) 382-7300
rpocker@bsfllp.com

*Attorneys for Appellees*
*Oracle International Corporation*
*and Oracle America, Inc.*

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the requirements of Fed. R. App. P. 27(d)(1)(E) because it has been prepared in 14-point Times New Roman, a proportionally spaced font. I certify that this filing complies with the length limit of Fed. R. App. P. 27(d)(2)(A) because it contains 1,448 words, according to the word count of Microsoft Word. I further certify that this filing complies with the page limitation of Circuit Rule 27-1.1(d) because it does not exceed 20 pages, excluding the parts of the filing exempted under Fed. R. App. P. 27(a)(2)(B) and 32(f).

*/s/Raechel Keay Kummer*